# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENN HILLS SCHOOL DISTRICT et al., | ) )  ) |
| Plaintiffs, | ) ) ) Civ. A. No. 18-00118 |
| v. | ) ) |
| SAUNDERS et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

### I. Introduction

The present case, arising out of a state court tax collection proceeding, was removed to this court under 28 U.S.C § 1443. (ECF No. 1-1.) Pending before the court is a motion to remand by the Penn Hills School District and the Municipality of Penn Hills (collectively "plaintiffs"). (ECF No. 6.) Because the writ of *scire facias* (the "writ")[1] filed by plaintiffs does not provide a basis for this court to exercise subject-matter jurisdiction, the case will be remanded to state court.

### II. Procedural History[2]

On February 13, 2017, plaintiffs filed for the writ in the Allegheny County Court of Common Pleas to collect delinquent taxes levied against the property located at 10214 Frankstown

---

[1] "A writ of *scire facias* is a statutory action *in rem;* the term *scire facias* refers to both the writ and the proceeding." Roethlein v. Portnoff Law Assocs., Ltd., 81 A.3d 816, 818 n.3 (Pa. 2013). "The object of the writ of *scire facias* is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution." Safe Harbor Water Power Corp. v. Fajt, 876 A.2d 954, 965 n.10 (Pa. 2005).

[2] In recounting the procedural history of this case, the court will take judicial notice of the pertinent entries of the state court docket ("State Docket") in Ct. Com. Pl. Allegheny Cnty., case no. GD-17-002183.

Road, Penn Hills, PA 15235 (the "property"). (State Docket No. 1.) Greater Northern Capital Investment Group ("Greater Northern") was the record owner of the property and named as the only defendant in the writ. (ECF No. 6 ¶ 4.) Plaintiffs subsequently discovered that Rayco Saunders ("Saunders") had filed a quiet title action challenging Greater Northern's ownership of the property.[3] (Id. ¶ 6, State Docket No. 3.) Accordingly, by a court order dated July 31, 2017, plaintiffs added Saunders as a defendant and an amended writ was issued on August 3, 2017. (State Docket Nos. 4, 5.)

Saunders found out about the litigation before being served with the writ. (ECF Nos. 1-1 ¶ 10, 6 ¶ 9.) On September 6, 2017, proceeding *pro se*, he filed an affidavit of defense, asserting various defenses and counterclaims, along with a motion to dismiss. (State Docket Nos. 6, 7.) His motion to dismiss was denied on October 26, 2017. (State Docket No. 9.) On October 30, 2017, Saunders filed a motion for reconsideration, followed by a November 17, 2017 motion requesting certification for an interlocutory appeal. (State Docket Nos. 10, 12.) Both motions remain pending.

While Saunders was actively litigating the matter, plaintiffs had been unsuccessful in their attempts to personally serve him with the writ. On December 11, 2017, they filed a motion for alternative service which was granted on that same date. (State Docket Nos. 14, 15.) Accordingly, the writ was re-issued on December 13, 2017, and plaintiffs effectuated service upon Saunders by posting the re-issued writ on the property on January 2, 2018. (State Docket No. 16, ECF Nos. 1-1 ¶ 17, 6 ¶ 11.) Believing that a new action had been initiated against him, Saunders filed another affidavit of defense and second motion to dismiss on January 12, 2018. (ECF No. 1-1 ¶ 16, State Docket Nos. 18, 19.) On January 24, 2018, the state court rendered Saunders' second motion to

---

[3] The court takes judicial notice of the default judgment entered against Greater Northern in the quiet title action on April 15, 2016, in Ct. Com. Pl. Allegheny Cnty., case no. GD-16-000405.

2

dismiss moot because of his pending motions—for reconsideration and interlocutory appeal—and, if not moot, denied it in the alternative. (State Docket No. 21.)

On January 26, 2018, Saunders removed the case to this court by submitting a motion requesting leave to proceed *in forma pauperis* and filing a removal petition under 28 U.S.C. § 1443. (ECF Nos. 1, 1-1.) He is proceeding *pro se* and was granted *in forma pauperis* status on February 26, 2018. (ECF No. 5.) On that same date, plaintiffs filed a motion to remand the case to state court with an accompanying brief in support. (ECF Nos. 6, 7.) On March 12, 2018, Saunders filed a brief in opposition to plaintiffs' motion. (ECF No. 11.) Accordingly, the matter is ripe for consideration.

### III. Standard of Review

"The removing party ... carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)). A court shall remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### IV. Discussion[4]

Saunders filed his removal petition under 28 U.S.C. § 1443. (ECF No. 1-1 pp. 1, 6.) In their motion to remand, however, plaintiffs focus solely on the court's removal jurisdiction under 28 U.S.C. § 1441. (ECF No. 6 ¶ 26.) Saunders, in his opposition brief, also appears to have abandoned

---

[4] Because Saunders is proceeding *pro se*, the court will liberally construe his contentions and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

his removal claim under §1443. (ECF No. 11.) Accordingly, the court will first discuss the propriety of removal under § 1441, followed by a § 1443 analysis.

### A. 28 U.S.C. § 1441—the general removal statue

Section 1441—the general removal statute—provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Under § 1447(c), however, removed "[c]ases may be remanded … for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).

#### 1. The court lacks subject-matter jurisdiction over this case

District courts have federal question jurisdiction[5] over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction under § 1331 is analyzed under "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–113 (1936)). Therefore, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 10 (1983). "[A] case can 'aris[e] under' federal law in two ways." Gunn v. Minton, 568 U.S. 251, 257 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." Id. Second, the Supreme Court has "identified a 'special and small category' of" state-law claims "in which

---

[5] The court need not discuss diversity jurisdiction under 28 U.S.C. 1332 because it appears that the parties are citizens of Pennsylvania and that the matter in controversy, exclusive of interests and costs, is under the value of seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332(a)(1).

4

arising under jurisdiction still lies." Id. at 258 (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)).

Plaintiffs, in their motion to remand, assert that the underlying state court proceeding is an "*in rem* action against the [p]roperty and only seeks relief under Pennsylvania law." (ECF No. 6 ¶ 26.) They correctly argue that, under the well-pleaded complaint rule, the court does not have federal question jurisdiction because the complaint—i.e., the writ to collect delinquent taxes on the property—is based entirely on state law.[6] In his opposition brief, Saunders appears to contend that the court has federal question jurisdiction because plaintiffs' claim is pre-empted by federal law—specifically the Commerce Clause of the United States Constitution. (ECF No. 11 pp. 3–7.) This argument, however, necessarily fails because "[f]ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Metro. Life Ins. v. Taylor, 481 U.S. 58, 63 (1987). Accordingly, the court lacks subject-matter jurisdiction over this case.[7]

---

[6] Saunders does not, nor can he, argue that this case falls into the special and small category of state-law claims that give rise to federal question jurisdiction. The Supreme Court has explained that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). None of these factors are implicated here.

[7] The court notes that complete pre-emption, which is a "limited exception to the well-pleaded complaint rule[,]" is not applicable here. Metro. Edison Co. v. Pa. Pub. Util. Comm'n, 767 F.3d 335, 363 (3d Cir. 2014). Complete pre-emption "serves as a basis for federal jurisdiction over causes of action that may appear, on their face, to be based on state law but that are in truth only actionable under federal law due to Congress's clear intent 'to completely pre-empt a particular area of law.'" Id. (quoting In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999)). "The Supreme Court has recognized only four instances where the complete preemption doctrine applies: (1) § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; (2) § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a); (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86; and (4) certain Indian tribal claims." City of Greensburg v. Wisneski, 75 F. Supp. 3d 688, 697 (W.D. Pa. 2015) (citing 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, FEDERAL PRACTICE AND

### 2. The removal is procedurally defective

Section 1446, which governs the procedures applicable to effectuate removal, provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Court of Appeals for the Third Circuit has interpreted § 1446 to "require[] unanimity among the defendants." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing Chicago, R.I. & P. Ry. Co. v. Martin,178 U.S. 245 (1900); Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)). Accordingly, the "[f]ailure of all defendants to join [in a removal petition] is a 'defect in removal procedure' within the meaning of § 1447(c)[.]" Id.

Plaintiffs contend that the removal is procedurally defective because co-defendant Greater Northern did not join in Saunders' removal petition. (ECF No. 6 ¶ 21.) In response, Saunders seems to be arguing that Greater Northern's failure to join in the removal petition is immaterial because the writ incorrectly identified Greater Northern as the owner of the property. (ECF No. 11 p. 2.) Saunders also claims that, in state court, he "consented on record, to remove" Greater Northern from the present case. (Id.) The writ attached with Saunders' removal petition, however, clearly identifies Greater Northern as a co-defendant in this case. (ECF No. 1-4 p. 1.) Therefore, Greater Northern's failure to join in Saunders' removal petition is a procedural defect necessitating remand under § 1447(c).

### B. 28 U.S.C. § 1443—the civil rights removal statue

As an initial matter, the court notes that plaintiffs' two arguments—i.e., the well-pleaded complaint rule and the failure of a co-defendant to join in the removal petition—which necessitate

---

PROCEDURE § 3566 (2008); Metro. Edison Co. v. Pa. Pub. Util. Comm'n, 767 F.3d 335, 363 n.35 (3d Cir. 2014)). Plaintiffs' claims do not fall into any of these categories.

remand under §1441(a), are untenable under §1443. Plaintiffs' first argument misses the mark because § 1443 is "a narrow exception to the rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint[.]" Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). Their second argument is unpersuasive because there is conflicting case law on the issue of whether all defendants must join in a removal petition under § 1443. See Brown v. Florida, 208 F. Supp. 2d 1344, 1349 (S.D. Fla. 2002) (citing conflicting decisions). However, as explained below, Saunders failed to meet his burden of establishing the propriety of removal under § 1443.

Section 1443—the civil rights removal statute—authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[8] To sustain removal under § 1443(1), a defendant "must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (quoting State of Ga. v. Rachel, 384 U.S. 780, 788 (1966)). To satisfy the first requirement, the defendant must allege deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." Rachel, 384 U.S. at 792. The second requirement is met if the defendant's federal civil

---

[8] Section 1443(2) also authorizes removal of a state court civil action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This subsection of § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). Since Saunders' action does not fall into this category, § 1443(2) cannot provide a basis of removal. Accordingly, the court will limit its analysis to § 1443(1).

7

rights would "inevitably be denied by the very act of being brought to trial in state court." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 826, 827–28 (1966). Saunders' removal petition, however, does not satisfy either requirement.

First, broadly construed, Saunders appears to premise removal on the alleged violations of his Fourteenth Amendment procedural due process rights as asserted in his state court counterclaim.[9] (ECF No. 1-1 ¶ 33, State Court Docket No. 18.) He does not contend—either in the counterclaim or in the removal petition—that the alleged deprivation of his rights was based upon his race. Removal under § 1443, therefore, would be improper because the guarantees of the due process clause of the Fourteenth Amendment "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." Rachel, 384 U.S. at 792. Second, assuming arguendo that the alleged deprivation of rights was based upon Saunders' race, removal would still be improper because Saunders does not assert that he is unable to enforce his rights in state court. There are not allegations to suggest that—if, in fact, Saunders' rights have been violated—an appeal to the state appellate courts would be ineffective to vindicate those rights. Accordingly, Saunders failed to establish that removal is proper under § 1443(1).

---

[9] Specifically, in his removal petition, Saunders seeks "damages for injuries set forth in Counter Claim under 42 U.S.C. §1983, 42 U.S.C. § 1985, & 42 U.S.C § 1986 …." (ECF No. 1-1 ¶ 33.) The court notes that Saunders' reliance on § 1983—civil action for deprivation of rights—is insufficient to support removal because "rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality...." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting Sunflower Cnty. Colored Baptist Ass'n v. Trs. of Indianola Mun. Separate Sch. Dist., 369 F.2d 795, 796 (5th Cir.1966)). Moreover, it is unclear whether a § 1985 claim, for conspiring to interfere with civil rights, qualifies for removal under § 1443(1). See Davis v. Glanton, 107 F.3d 1044, 1050 (3d Cir.1997) ("The status of § 1985(3) as an 'equal civil rights' statute is … unclear, with strong arguments on both sides in terms of the jurisprudence."). Saunders, however, did not allege any facts supporting either a § 1985 conspiracy claim, or a § 1986 claim for neglecting to prevent such a conspiracy.

## V. Conclusion

For the reasons stated above, the court lacks subject-matter jurisdiction under either 28 U.S.C. §§ 1441 or 1443. Accordingly, plaintiffs' motion to remand, (ECF No. 6,) will be GRANTED. The court will remand this case to the Allegheny County Court of Common Pleas under 28 U.S.C. § 1447(c). An appropriate order will be entered.

By the court,

Dated: July 18, 2018

/s/ JOY FLOWERS CONTI

Joy Flowers Conti

Chief United States District Judge